# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES EDWARD CLAYTON, | ) |
| Petitioner, | ) ) |
| v. | ) Case No. CIV 16-423-JHP-KEW ) |
| JOE M. ALLBAUGH, DOC Director, | ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

On October 6, 2016, Petitioner filed through counsel this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 plea in Muskogee County District Court Case No. CRF-1982-579 (Dkt. 2). On October 21, 2016, he filed a motion to strike the briefing schedule and stay the proceedings, pending exhaustion of issues in the Oklahoma Court of Criminal Appeals (Dkt. 8). The respondent objects to a stay to allow exhaustion of Petitioner's claims (Dkt. 9).

A district court has two options when faced with a "mixed" petition containing both exhausted and unexhausted claims. One option is to require the petitioner to exhaust all his claims in state court before bringing the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (instructing a district court to dismiss without prejudice and allow the petitioner to refile once the claims are exhausted); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (if a court is concerned about the prisoner's meeting the one-year filing requirement of 28 U.S.C. § 2244(d), and if "there was good cause for the petitioner's failure to exhaust his claims first in state court," the court can decline to dismiss the matter and issue a stay and abeyance of the petition, while the petitioner exhausts his state court remedies). The second option is to deny the entire petition on the merits, notwithstanding failure to exhaust, if the court is

convinced the unexhausted claim is without merit, or that the issue is easily resolvable against the petitioner. *See* 28 U.S.C. § 2254(b)(2).

The record shows that in previous federal habeas corpus proceedings, the Tenth Circuit Court of Appeals found Petitioner should be granted an out-of-time appeal of his plea. *Clayton v. Jones*, No. 11-7000 (10th Cir. Feb. 26, 2013). After the state district court granted the appeal, Petitioner's motion to withdraw his plea was denied, and his certiorari appeal to the Oklahoma Court of Criminal Appeals was denied on July 8, 2015 (Dkt. 2-3). On June 7, 2016, Petitioner commenced his post-conviction proceedings, and the state district court denied post-conviction relief on September 28, 2016 (Dkt. 9-3). Petitioner alleges he filed a notice of post-conviction appeal on October 16, 2016 (Dkt. 8 at 2).

After careful review, the Court finds a stay and abeyance is not warranted, because Petitioner has not shown good cause for his almost one-year delay in filing an application for post-conviction relief in the state district court, which has resulted in his filing a habeas petition with unexhausted claims. His options for proceeding with this action are to (1) dismiss this action without prejudice in its entirety with the understanding that a second habeas petition could be barred by the statute of limitations, (2) dismiss the unexhausted claims and continue with the exhausted claims, or (3) continue this case with all claims, with the knowledge that this Court will dismiss the petition for failure to exhaust all state court remedies.

Petitioner is granted fourteen (14) days to advise the Court of the direction he intends to follow by filing **one** of the following: (1) a motion to dismiss this action in its entirety without prejudice, (2) a motion to dismiss the unexhausted claims, or (3) a notice that he intends to continue the petition with both exhausted and unexhausted claims. Failure to respond as directed by the Court in this Order will result in dismissal of this entire action.

2

**ACCORDINGLY,** Petitioner's motion to strike briefing deadline and to stay these proceedings pending exhaustion of state post-conviction claims (Dkt. 8) is DENIED. Petitioner is directed to advise the Court of his intentions for proceeding in this case within fourteen (14) days by filing an appropriate pleading as set forth above. Respondent's unopposed motion for extension of time to file a response to the petition (Dkt. 10) is GRANTED, and the response to the petition is due thirty (30) days after Petitioner advises the Court of how he intends to proceed with this action.

**IT IS SO ORDERED** this 22nd day of December 2016.

James H. Payne
United States District Judge
Eastern District of Oklahoma