# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES EDWARD CLAYTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV 16-423-JHP-KEW |
| | ) | |
| SCOTT CROW, DOC Director, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is a prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Stafford Creek Corrections Center in Aberdeen, Washington. He is attacking his conviction and sentence in Muskogee County District Court Case No. CF-1982-579 for Murder in the Second Degree, raising the following grounds for relief:

I. The pleas were not knowing and voluntary because trial counsel was ineffective in providing erroneous advice concerning the sentencing range and a release date (Dkt. 2 at 5).

II. There was no factual basis to support the plea of guilty to the crime of Murder in the Second Degree (Dkt. 2 at 7)

III. Clayton was denied the effective assistance of counsel in the plea proceedings, at sentencing, and on the motion hearing to withdraw his pleas (Dkt. 2 at 8).

Respondent asserts Petitioner has exhausted the state court remedies for his habeas claims. The following records have been submitted to the Court for consideration in this matter:

A.  Plea of Guilty Summary of Facts in Muskogee County District Court Case No. CF-1982-579 (Sept. 15, 2004) (Dkt. 16-1).

B.  Petitioner's Motion to Withdraw Plea in Case No. CF-1982-579, filed on April 18, 2013, and Amendment to the Application for Leave to Withdraw Plea of Guilty, filed on April 22, 2013 (Dkt. 16-2).

C.  Petitioner's Supplemental Brief on Motion to Withdraw Plea, filed on June 20, 2014 (Dkt. 16-3).

D.  The State's Response to Petitioner's Motion to Withdraw Plea and Request to Modify Sentence, filed on July 28, 2014 (Dkt. 16-4).

E.  Order denying Petitioner's Motion to Withdraw Plea, entered on August 7, 2014 (Dkt. 16-5)

F.  Petitioner's Brief in Support of Petition for Writ of Certiorari, filed in the Oklahoma Court of Criminal Appeals on February 23, 2015 (Dkt. 16-6).

G.  Summary Opinion denying Petitioner's Petition for Writ of Certiorari. *Clayton v. State*, No. C-2014-720 (Okla. Crim. App. July 8, 2015) (Dkt. 16-7).

H.  Petitioner's Application for Post-Conviction Relief, filed on July 12, 2016 (Dkt. 16-8).

I.  Order Dismissing Petitioner's Application for Post-Conviction Relief with Findings of Fact and Conclusions of Law, entered on September 30, 2016 (Dkt. 16-9).

J.  Order Affirming Denial of Post-Conviction Relief. *Clayton v. State*, No. PC-2016-0978 (Okla. Crim. App. Jan. 19, 2017) (Dkt. 16-10).

K.  Relevant transcript pages from Petitioner's hearing to appeal out of time and/or motion to withdraw plea, held on April 10, 2014 (Dkt. 16-11).

L.  Copies of state-court documents and Original Record (Dkt. 17).
Citing *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011)), Respondent points out that the record for review in this habeas action "is limited to the record in existence at the time" the Oklahoma Court of Criminal Appeals ("OCCA") made its decision in Case No. C-2014-579 (Dkt. 16 at 8-9).[1]

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Background**[2]

Petitioner's convictions in Case No. CF-1982-579 for second degree murder and other charges arose from a robbery which ultimately resulted in a woman's death. *Clayton*

---

[1] Respondent advises that Petitioner's complete plea of guilty transcript and pleadings from this federal court were not made a part of the state court record in Petitioner's certiorari appeal before the OCCA in Case No. C-2014-579. Therefore, any documents that were not before the state court are not part of this habeas record. (Dkt. 16 at 7-8). Petitioner's habeas claims, however, can be resolved on the record before this Court.

[2] This is Petitioner's third petition for a writ of habeas corpus challenging his convictions in Case No. CF-1982-579. The two previous habeas actions in this Court were *Clayton v. Oklahoma*, No. CIV 96-195-FHS-KEW and *Clayton v. Jones*, CIV 06-014-FHS-KEW.

3

*v. Jones*, 700 F.3d 435, 437 (10th Cir. 2012) (setting forth the history of Petitioner's convictions). Petitioner, however, is only challenging his conviction for second degree murder in this action. The following facts are pertinent to this habeas proceeding:

On September 15, 2004, Petitioner, while represented by Attorney Al Hoch, entered a blind plea in Case No. CF-1982-579 (Dkt. 16-1). On April 18, 2013, Petitioner's attorney, Kevin Adams, filed in the state district court a motion to withdraw the plea (Dkt. 16-2). Petitioner was represented by new counsel at the April 10, 2014, motion hearing. After briefing by the parties (Dkts. 16-3, 16-4), on August 7, 2014, the state district court denied Petitioner's motion to withdraw the plea for second degree murder (Dkt. 16-5).

Petitioner next filed a petition for a writ of certiorari with the OCCA in Case No. C-2014-720 (Dkt. 16-6), however, the State of Oklahoma was not ordered to respond. On July 8, 2015, the OCCA denied Petitioner's petition for writ of certiorari and affirmed his conviction in a Summary Opinion (Dkt. 16-7).

Petitioner sought post-conviction relief in the state district court on July 12, 2016 (Dkt. 16-8), which was denied as procedurally barred on September 28, 2016 (Dkt. 16-9). The OCCA affirmed the denial in Case No. PC-2016-0978 on January 19, 2017 (Dkt. 16-10). Petitioner filed this habeas corpus petition on October 6, 2016 (Dkt. 2).

**Ground I: Ineffective Assistance of Counsel During Plea Proceedings**

Petitioner argues he received ineffective assistance of counsel in the form of erroneous legal advice concerning the sentencing range for second degree murder and a

4

release date, making his pleas not knowing or voluntary (Dkt. 2 at 5). He makes the following assertions about his pleas in his brief in support of the petition (Dkt. 14):

> Concerning the date that he entered his pleas in this case, Clayton recalled what happened. (Tr. 04/10/14 at 49). He had concerns that Hoch had not advised him correctly, but he was not the lawyer. *Id*. at 52. At that time, Clayton in fact had sat in the county jail for 15 months prior to the guilty plea hearing. *Id*. at 53. He ended up pleading guilty on September 15, 2004, because Hoch told him that he would be out with his family by Christmas--a representation that Clayton accepted as true, and would have been true, or close to it, if discharging a life sentence was legally possible as Hoch had claimed. *Id*. at 53, 65.
>
> In fact, when the prosecutor took him through the plea paperwork, Clayton testified that what drove him to plead guilty was Hoch's advice concerning how much longer he would be incarcerated, and that the plea paperwork "probably wouldn't have made any difference because I thought that I was getting ready to get out, to being pretty close to getting out, so I would've probably would've signed regardless of what it said." *Id*. at 63.
>
> One thing that is clear is this: the driving force behind Clayton's willingness to enter a guilty plea was that Hoch had told Clayton that he would be home by Christmas because he would discharge his life sentence--something that is not legally possible under Oklahoma law. *Id*. at 65. When asked by the prosecutor whether his main point or main argument was that Hoch told him that he would be released in a few months, Clayton replied:
>
>> Yes. He told me, my family, and my minister, all of us, that if I would enter the plea that I would be home by Christmas.
>>
>> And stop and think about this: I had already been in jail for 15 months and I had refused to plead guilty to that murder, so why would I just all of a sudden just get this visionary experience that I want to go plead guilty to this murder?
>
> *Id*. This is the entire reason why Clayton entered guilty pleas in this case. *Id*. at 65-66.

(Dkt. 14 at 17-18).

Attorney Hoch testified at the hearing on Petitioner's motion to withdraw plea, making the allegedly erroneous statement that a life sentence could be discharged in Oklahoma. Petitioner contends Hoch advised him about the plea based on this erroneous belief. *Id*. at 13-14. At the motion hearing, Hoch estimated that Petitioner would serve only a few more years on his life sentence, stating, "[H]onestly, I think he's probably got enough time credits he should have discharged." *Id*. at 14 at 16.

Following the motion hearing, the state district court entered an Order denying Petitioner's motion to withdraw plea (Dkt. 16-5):

> The Defendant's plea was knowing and voluntary. It is clear from the record that the Defendant had a lengthy plea hearing on the 15th of September 2004. The Defendant was questioned at length by the Court at that time as to his voluntary entry of this plea. The record and Summary of Facts clearly indicate the Defendant entered this plea knowing[ly] and voluntarily. The Defendant has shown no evidence to this Court that he was unaware of the plea and the sentence being offered by the State. The fact that the Defendant believed his sentence would be "discharged" is not a legal basis for a withdrawal of the plea. . . . [I]t was confirmed that DOC will not discharge a life sentence with good time credits.
>
> The Court finds that there was a sufficient factual basis for the charge of Murder in the Second Degree. The Summary of Facts and testimony given at the plea hearing on September 15, 2004, provide this Court with factual basis for the charge. The Judgment and Sentence entered also reflected the Defendant had seven (7) prior felony convictions.

(Dkt. 16-5 at 2).

The OCCA subsequently denied Petitioner's petition for a writ of certiorari in *Clayton v. State*, No. C-2014-720 (Okla. Crim. App. July 8, 2015) (Dkt. 16-7):

> . . . Petitioner claims that his plea was induced by plea counsel's misrepresentations regarding the range of punishment, resulting in ineffective assistance of counsel. He argues that his decision to plead guilty was based on counsel's inaccurate statement (he characterizes this as a [sic] tantamount to a promise by counsel) that he would be paroled within a short time after his guilty plea, and would be released by Christmas 2004. He also claims that plea counsel incorrectly advised him that he could "discharge" his life sentence.
>
> In *Hill v. Lockhart* [474 U.S. 52, 56 (1985)], the Supreme Court held that the deficient performance/prejudice test of *Strickland v. Washington*, 466 U.S. 668 (1984), applies to challenges of guilty pleas based on ineffective assistance of counsel. The Court further stated that to prove *Strickland* prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59.
>
> Petitioner and plea counsel testified at the evidentiary hearing concerning counsel's advice before the plea. The trial court concluded that Petitioner was properly advised that the range of punishment was 20 years to life imprisonment. There is no credible evidence that Petitioner pleaded guilty because of counsel's prediction or promise that he would be paroled, or that he would eventually "discharge" his life sentence. The trial court's determination that the plea was knowing and voluntary is supported by the evidence, and denial of Petitioner's motion to withdraw the plea on this ground was not an abuse of discretion. [This claim] is denied.

(Dkt. 16-7 at 5).

Respondent alleges the OCCA's decision was not contrary to, or an unreasonable application of Supreme Court precedent, and the decision was not an unreasonable determination of the facts in light of the state court proceedings. *See* 28 U.S.C. § 2254(d). Respondent further asserts that contrary to Petitioner's arguments, he received effective assistance of counsel at his plea.

"There is a strong presumption that counsel provided effective assistance of counsel,

7

and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)), *cert. denied*, 489 U.S. 1089 (1989). To prevail on his claim of ineffective assistance of counsel, petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness, *Strickland*, 466 U.S. 668 at 687-88, and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694.

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Furthermore, the validity of a guilty plea requires an affirmative record showing a voluntary and intelligent plea, the purpose of which is to make certain the accused fully understands the meaning of the plea and its consequences. *Stinson v. Turner*, 473 F.2d 913, 915 (10th Cir. 1973) (citing *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)).

> "The general voluntary-intelligent standard for plea taking is rooted in the due process clauses of the Constitution and is therefore applicable in both state and federal courts." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified*, 646 F.2d 902 (5th Cir.) (en banc), *cert. denied*, 454 U.S. 840 (1981); *see also Gaddy v. Linahan*, 780 F.2d 935, 943 (11th Cir. 1986) ("The fourteenth amendment due process clause requires that a plea of guilty be knowingly and voluntarily entered because it involves a waiver of a number of the defendant's constitutional rights."). We will uphold a state court guilty plea on federal review if the circumstances demonstrate that the defendant understood the nature and the consequences

8

of the charges against him and that the defendant voluntarily chose to plead guilty. *Boykin*, 395 U.S. at 242-44; *Frank*, 646 F.2d at 882; *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991).

*Miles v. Dorsey*, 61 F.3d 1459, 1465-66 (10th Cir. 1995).

Under AEDPA a "state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). When evaluating the state court's resolution of *Strickland*'s performance requirement, federal courts must "use a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Pinholster*, 563 U.S. at 189-90).

*Parker v. Evans*, 569 F. App'x 611, 616 (10th Cir. 2014). "The question 'is not whether a federal court believes the state court's determination' under *Strickland* 'was incorrect but whether [it] was unreasonable--a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Shiro v. Landrigan*, 550 U.S 465, 473 (2007)).

A defendant's decision to plead guilty frequently involves difficult judgments that must be made without a full knowledge of all the facts. *McMann v. Richardson*, 397 U.S. 759, 769 (1970) (citing *Brady v. United States*, 397 U.S. 752, 756 (1970)). Therefore, the requirement that a plea be made intelligently is not a requirement that all of counsel's advice withstand retrospective examination. *Id*. at 770.

"A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. *Boykin*, 395 U.S. at 242. These "[s]olemn declarations in open court carry

a strong presumption of verity." *Laycock v. New Mexico*, 880 F.2d 1184, 1186-1187 (10th Cir. 1989) (quoting *United States v. Estrada*, 949 F.2d 1304, 1306 (10th Cir. 1988)). "'[A] defendant's statements on the record, 'as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding.'" *Romero v. Tansy,* 46 F.3d 1024, 1033 (10th Cir. 1995) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Here, the Court finds Petitioner has failed to establish the OCCA's decision that Petitioner's plea was knowing and intelligent was contrary any Supreme Court precedent. The Court further finds Petitioner has not shown the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. See 28 U.S.C. § 2254(d). Ground I of the petition fails.

**Ground II: Factual Basis of Plea**

Petitioner alleges in Ground II that there was no factual basis to support his guilty plea to the crime of Murder in the Second Degree. The OCCA considered and denied this claim as follows:

> [Petitioner] argues that the factual basis for the guilty plea to second degree murder is insufficient. Petitioner admitted in his plea that while in flight from a robbery, he took a vehicle, was speeding, ran a stop light, and struck and killed the victim. We find that operating a vehicle in a reckless and unsafe manner while attempting to avoid apprehension for a felony is imminently dangerous conduct evincing a depraved mind and extreme disregard of a high risk of injury or death to others. Killing a person in these circumstances can be punishable as murder under Oklahoma law. 21 O.S. 1981, § 701.8(1), (2). The factual basis is sufficient to support Petitioner's conviction. [This proposition] is denied.

*Clayton*, No. C-2014-720, slip op. at 5.

Respondent alleges Petitioner's claim that the state court failed to establish a factual basis for the plea is merely a claim of a state procedural error not cognizable in a federal habeas proceeding. *See Brinlee v. Crisp*, 608 F.2d 839, 843 (10th Cir. 1979); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976); *Berget v. Gibson*, No. 98-6381, 1999 WL 586986, at *5 (10th Cir. Aug. 5, 1999) (unpublished).

Respondent further asserts Petitioner's claim that the state record does not reflect a factual basis for his plea is not an independent federal ground for invalidating his plea. *See Sena v. Romero*, 617 F.2d 579, 581 (10th Cir. 1980); *Freeman v. Page*, 443 F.2d 493, 497 (10th Cir.), *cert. denied*, 404 U.S. 1001 (1971). The Supreme Court of the United States has held as follows:

> Ordinarily, a judgment of conviction resting on a plea of guilty is justified by the defendant's admission that he committed the crime charged against him and his consent that judgment be entered without a trial of any kind. The plea usually subsumes both elements, and justifiably so, even though there is no separate, express admission by the defendant that he committed the particular acts claimed to constitute the crime charged in the indictment.

*North Carolina v. Alford*, 400 U.S. 25, 32 (1970).

Because Petitioner's challenge to the lack of a factual basis for his guilty plea fails to present an issue where the Supreme Court has found a constitutional violation, he has failed to raise an issue upon which this Court can grant federal habeas relief. See 28 U.S.C. § 2254(d)(1); *House v. Hatch*, 527 F.3d 1010, 1018 (2008), *cert. denied*, 555 U.S.

1187 (2009).

Citing *United States v. Brace*, 488 U.S. 563 (1989), Petitioner argues the State court adjudicated this claim under an improper legal standard. In *Brace*, the only issue before the Supreme Court was under what circumstances "a defendant who has entered a plea of guilty to a criminal charge may assert a double jeopardy claim in a collateral attack upon the sentence." *Id*. at 565. *Brace* contains no holding on the requirements for a sufficient factual basis, and it does not provide a legal standard that would support Petitioner's assertion that the OCCA's holding on this issue was inconsistent with Supreme Court law under 28 U.S.C. § 2254(d). *See House*, 527 F.3d at 1015 (recognizing that Supreme Court holdings "must be construed narrowly and consist only of something akin to on-point holdings"). Here, Petitioner's argument is based entirely upon an alleged lack of a factual basis, which the Constitution does not require for a knowing and voluntary guilty plea.

The OCCA's factual findings reflect that the facts did not rest on a mistaken view of the state court proceedings. *See* 28 U.S.C. § 2254(d)(2). Further, the OCCA's findings of fact based upon the record are entitled to a presumption of correctness, because Petitioner has failed to rebut the findings with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

Petitioner bears the burden of showing the state court unreasonably applied the facts, and only if he can show the state court rested its decision on a factually mistaken view of the record is he entitled to relief under 28 U.S.C. § 2254(d)(2). *Hancock*, 798 F.3d 1002,

1012 (10th Cir. 2015) (holding petitioner bears the "daunting" burden of showing an unreasonable determination of facts and that the decision rested on a factually mistaken view of the record), *cert. denied*, __ U.S. __, 137 S.Ct. 53 (2016).

Petitioner argues his actions involving the crime were "simple inattentive or reckless driving, without more," while "driving away from a crime, and perhaps hurriedly so." (Dkt. 14 at 27). As set forth above, however, the OCCA found that Petitioner "admitted in his plea that while in flight from a robbery, he took a vehicle, was speeding, ran a stop light, and struck and killed the victim." *Clayton*, No. C-2014-720 at 5. This Court notes that Petitioner also entered guilty pleas to Robbery with a Firearm, Larceny, Attempted Theft of a Motor Vehicle, and Possession of a Controlled Drug-Cocaine (Dkt. 17-5 at 66-70).

The written Summary of Facts states:

> Robbed Pierce's Pharmacy [illegible] and ran a red light and had accident. Drugs were in the car taken in the robbery. The lady Mrs. Watson died as a result of the accident. Pleading to attempted theft of vehicle as chance of conviction was substantial. Have 2 prior felony convictions.

(Dkt. 17-5 at 68).

Further, a portion of the plea transcript contained in the record before this Court included Petitioner's own words about the facts of the case:

> A. I robbed the drug store. I took an automobile during the commission of the robbery. Subsequent to that, I was speeding and ran through a stop light and had an accident and killed the lady. And the drugs that came from the robbery were in the . . . .

13

(Dkt. 17-5 at 76).

As stated above, the OCCA held that "operating a vehicle in a reckless and unsafe manner while attempting to avoid apprehension for a felony is imminently dangerous conduct evincing a depraved mind and extreme disregard of a high risk of injury or death to others." *Id*. Furthermore, "[k]illing a person in these circumstances can be punishable as murder under Oklahoma law. The factual basis is sufficient to support Petitioner's conviction." *Id.* (internal citation omitted). The Supreme Court has "repeatedly held that a state court's interpretation of a state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). *See also Williams v. Trammel*, 782 F.3d 1184, 1195 (10th Cir. 2015).

Petitioner has made no argument that the OCCA's findings were based upon a mistaken view of the record. Further, his recollection of the facts as being "simple inattentive driving" or that he was trying to escape an armed robbery "without incident" (Dkt. 14 at 27) is unsupported. It is not for the Court to make a petitioner's argument or analyze issues not adequately presented. *Bradford v. Williams*, 479 F. App'x 832, 835 (10th Cir. 2012).

After careful review, the Court finds Petitioner has failed to meet his "daunting" burden to show the OCCA rested its decision on a factually mistaken view of the record under 28 U.S.C. § 2254(d)(2). *See Hancock*, 798 F.3d at 1012. Petitioner's challenge to

the sufficiency of the factual basis for his plea must be denied, because he has failed to raise a proper issue for federal habeas corpus relief.

**Ground III: Ineffective Assistance of Counsel in Plea Proceedings, Sentencing, and Hearing on Motion to Withdraw Plea**

Finally, Petitioner argues in Ground III that was denied the effective assistance of counsel in his plea proceedings, at sentencing, and on the motion to withdraw his pleas (Dkt. 2 at 8). The issue of ineffective assistance of counsel at the plea and sentencing is discussed above in Ground I.

The OCCA denied relief on the remaining claims in Ground III as follows:

> Petitioner argues . . . that he was denied effective counsel at the 2014 hearing on his motion to withdraw the plea. To obtain relief, Petitioner must show that counsel's performance was deficient, and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice in this context is a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial, or that the trial court's ruling on his motion to withdraw the plea would have been granted. *Hill*, 474 U.S. at 59.
>
> In support of this claim, counsel for the Petitioner now points to his late entry into the case, tactical disagreements with Petitioner's other retained counsel, and counsel's failure to call two witnesses, Jerry Seitz and Clifford Brown, whose testimony supported Petitioner's claim that plea counsel predicted that Petitioner would be granted parole soon after his plea and be home with his family.[3] We find that Petitioner has failed to show any reasonable probability that, but for counsel's alleged errors and omissions, the outcome of either Petitioner's plea or his motion to withdraw his plea would have been different. [This claim] is denied.

---

[3] The OCCA noted that affidavits of Seitz and Brown from Petitioner's federal habeas proceedings were part of the record filed with Petitioner's appeal. *Clayton*, No. C-2014-720 at 7 n.4.

15

*Clayton*, No. C-2014-720, slip op. at 7.

Respondent asserts the OCCA's decision that Petitioner was afforded effective assistance of counsel at his motion to withdraw his guilty plea was not contrary to, or an unreasonable application of, Supreme Court precedent, and the decision was not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

Petitioner claims in his brief that counsel for this habeas action, along with two other attorneys, represented him at the withdrawal hearing, however, habeas counsel was the only attorney who actively participated on the record. Petitioner contends the two witnesses, Rev. Seitz and Mr. Brown, should have testified at the hearing.

Citing to *Strickland*, the OCCA found Petitioner had not established ineffective assistance of counsel at the withdrawal hearing. *Clayton*, No. C-2014-720, slip op. at 6-7. This Court finds Petitioner's argument in his brief fails to establish that the OCCA's decision was contrary to, or an unreasonable application of Supreme Court law, and the decision was not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Citing *Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 (10th Cir. 2012), Respondent points out that a petitioner's conclusory allegations lacking an factual or legal explanation provide no basis for federal habeas corpus review.

When reviewing claims of deficient performance under *Strickland*, the Tenth Circuit repeatedly has held that "the decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney." *Littlejohn v. Trammell*, 704 F.3d 817, 872 (10th Cir.

2013) (citing *Boyle v. McKune*, 544 F.3d 1132, 1139 (10th Cir. 2008)).  Under *Strickland*, Petitioner carries the burden to overcome the strong presumptions of reasonable assistance and that counsel's decisions represent "sound trial strategy."  *Strickland*, 466 U.S. at 689; *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).  Tactical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance of counsel.  *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995) (citation omitted).

This Court finds the testimony by the two witnesses would have been cumulative to Petitioner's testimony.  In *Median v. Barnes*, 71 F. 3d 363 (10th Cir. 1995), the Tenth Circuit rejected a petitioner's claim of ineffective assistance of counsel based on counsel's failure to obtain witness testimony which would have been "at most cumulative, and of limited probative value."  *Id*. at 367.  In Petitioner's case, both the district court and the OCCA found that plea counsel did not make any promises to Petitioner about his expected release in order to induce him to enter a blind guilty plea.  This Court, therefore, finds Petitioner has failed to demonstrate that "there is a reasonable probability that, but for counsels' unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Further, Petitioner did not demonstrate to the OCCA that his plea counsel's failure to call cumulative witnesses was deficient performance, or that there is a reasonable probability that the outcome of the withdrawal hearing would have been different.

17

Petitioner has failed to carry his burden in the state court and before this Court to establish either deficient performance or prejudice.

Moreover, the OCCA's decision was not contrary to, or an unreasonable application of, Supreme Court precedent and Petitioner has failed to show that the decision resulted in an unreasonable determination of the facts in light of Supreme Court precedent, or that the State court rested its decision on a factually mistaken view of the record. See 28 U.S.C. § 2254(d). Petitioner's challenge to his counsels' performance at the withdrawal hearing is meritless.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus (Dkt. 2) is DENIED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 27th day of February 2020.

*[signature]*
James H. Payne
United States District Judge
Eastern District of Oklahoma