# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JAMES EDWARD CLAYTON, )
                Petitioner, )
v. ) Case No. CIV 16-423-RAW-KEW
SCOTT CROW, DOC Director, )
                Respondent. )

## OPINION AND ORDER

On February 27, 2020, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed, and he was denied a certificate of appealability. (Dkt. 50). Judgment was entered on the same day. (Dkt. 51). On March 25, 2020, Petitioner filed a motion for additional findings and to amend the judgment. (Dkt. 52). He asks the Court to (1) make specific findings of fact based on the state court record pursuant to Fed. R. Civ. P. 52(b), and (2) alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) to reflect that relief should be granted and that Plaintiff should be released from his allegedly unlawful confinement. *Id*. at 2.

**Rule 52(b) Motion**

Rule 52 provides in pertinent part:

> **(a) Findings and Conclusions.**
>
> > **(1)** *In General.* In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specifically and state its conclusions of law separately. . . .

>**(b) Amended or Additional Findings.** On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly. The motion may accompany a motion for new trial under Rule 59.

Fed. R. Civ. P. 52.

Rule 52(b) is not proper in a habeas corpus action, because it governs bench trials or advisory jury trials. *See Johnson v. Raemisch*, No. 19-1044, 779 F. App'x 507, 518 n.10 (10th Cir. June 18, 2019) ("Rule 52 governs bench trials, not habeas proceedings . . . ."); *Winkel v. Heimgartner*, No. 5:14-3214-JTM, 2015 WL 5820965 at *1 (D. Kan. Oct. 5, 2015) (unpublished) ("Generally, this rule applies to findings of fact and conclusions of law entered after a non-jury trial.") (citing *May v. Kansas*, No. 13-3162-SAC, 2013 WL 6669093 (D. Kan. Dec. 18, 2013) (unpublished)). Therefore, Petitioner's request for relief under Rule 52(b) is DENIED.

**Rule 59(e) Motion**

Petitioner complains that neither the Oklahoma Court of Criminal Appeals (OCCA) nor this Court appears to have reviewed certain documents, and the documents have not been given the legal effect required with respect to his claim of ineffective assistance of counsel. (Dkt. 52 at 3). Petitioner argues that these evidentiary items are in the record and never have been rebutted, contested, or objected to by the State. *Id*. at 5. He further claims the documents demonstrate that Petitioner was misadvised by Attorney Hoch before Petitioner entered his plea. *Id*. The referenced documents are:

>(1) Petitioner's September 21, 2004, Letter to Attorney Al Hoch (Exhibit A-7) (Dkt.

2

17-4 at 118-21). Written six days after the plea was entered in Petitioner's criminal case, Clayton expressed concern that Hoch had misrepresented the legal situation to him to secure a guilty plea. The letter states, "Mr. Hoch, you know I would <u>not</u> have plea [sic] blindly to the murder charge without your assurances I would be home with my family by Christmas (2004) and that I would receive credit for time from 1982, with credit for good-time. We discussed this several times!" (Dkt. 17-4 at 120) (emphasis in original). Plaintiff's letter further stated, "Mr. Hoch, if you have lied or misrepresented things to me and my family--contact the judge and court and withdraw my plea--to the murder charges." *Id*. at 121.

(2) <u>Clifford T. Brown's July 15, 2006, Affidavit</u> (Exhibit G-5) (Dkt. 17-6 at 25-27). Brown was present on September 15, 2004, when Clayton met with Hoch prior to the plea. Brown states that "[b]ut for the assurance and representations of Mr. Hoch, James [Clayton, the petitioner] would not have entered a blind plea to the second degree murder charge and would have insisted on going to trial." (Dkt. 17-6 at 27).

(3) <u>Rev. Jerry Seitz's September 5, 2007, Affidavit</u> (Exhibit G-2) (Dkt. 17-6 at 18-21). Rev. Seitz also was present on September 15, 2004, when Clayton met with Hoch about the plea. *Id*. at 19-20. Petitioner asserts that Rev. Seitz states he recalled that Hoch told Clayton that if he entered his plea, he would be on the November docket for the Pardon and Parole Board and would be "home for Christmas." (Dkt. 52 at 4). Rev. Seitz allegedly also stated that Clayton would not have accepted the plea agreement unless he would have been out of jail by Christmas. *Id.* Respondent, however, notes that Rev. Seitz's affidavit does not

3

contain language asserting that Petitioner would not have accepted the plea agreement unless Petitioner would have been home from prison by Christmas. (Dkt. 63 at 2 n.1).

(4) <u>Petitioner's Affidavit dated April 18, 2013</u> (Exhibit G-1) (Dkt. 17-6 at 3-17). Petitioner alleges the affidavit states: "Attorney Hoch told me I would be out on parole in December 2004 if I entered a blind plea to the charge of Murder, Second Degree. But for the representations of attorney Hoch to me, my wife, brother-in-law and Minister Seitz, on September 15, 2004, I would not have plead [sic] guilty to the blind plea and would exercised [sic] my right to a jury trial." (Dkt. 52 at 5).

Respondent points out that the affidavit designated as Exhibit G-1 actually was executed on September 5, 2007, and the quoted language is not in the document. (Dkt. 63 at 2 n.1). The document designated as G-1, however, does include similar language. (Dkt. 17-6 at 6-7).

Respondent also asserts in his supplemental response to Plaintiff's motion that Respondent previously erroneously alleged that Petitioner's referenced documents in his motion were not part of the record when the OCCA ruled on Petitioner's claims. (Dkt. 63 at 2-3 n.1 & n.2). Further review, however, determined that most of the records referenced in the motion, with the possible exception of Petitioner's affidavit, were before the OCCA as part of Petitioner's certiorari appeal. *Id.*

"[A] motion will be considered under Rule 59(e), when it involves reconsideration of matters properly encompassed in a decision on the merits." *Phelps v. Hamilton*, 122 F.3d

4

1309, 1323-24 (10th Cir. 1997) (citations and internal quotations omitted). The court may reconsider a final decision if the moving party shows "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). The Court "is vested with considerable discretion" in determining whether to grant or deny such a motion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996). Rule 59(e), however, does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. *Servants of the Paraclete*, 204 F.3d at 1012. Granting a motion to alter or amend is "an extraordinary remedy which is used sparingly," in recognition of the interests in finality and the conservation of judicial resources. *Torre v. Federated Mut. Ins. Co.*, 906 F. Supp. 616, 619 (D. Colo. 1995), *aff'd*, 124 F.3d 218 (10th Cir. 1997).

Petitioner alleges this Court erroneously applied AEDPA deference standards to the OCCA's opinion, because the OCCA applied the wrong legal standard in its analysis of Petitioner's post-conviction appeal. He maintains the OCCA's application of *Hill v. Lockhart*, 474 U.S. 52 (1985), was unreasonable, because the OCCA held that Petitioner would not have pleaded guilty absent counsel's errors. Petitioner maintains that under *Hill*, he only had to show a reasonable probability that he would not have pleaded guilty.

A review of the OCCA's opinion in Petitioner's certiorari appeal shows the *Hill* standard was correctly stated and applied:

> In *Hill v. Lockhart* [474 U.S. 52, 56 (1985)], the Supreme Court held that the deficient performance/prejudice test of *Strickland v. Washington*, 466 U.S. 668 (1984), applies to challenges of guilty pleas based on ineffective assistance of counsel. The Court further stated that to prove *Strickland* prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59.

*Clayton v. State*, No. C-2014-720, slip op. at 4 (Okla. Crim. App. July 8, 2015 (Dkt. 16-7).

It is apparent that the OCCA was aware of and utilized the correct legal standard. Therefore, this Court gave the proper deference to the OCCA's determination of this claim. This Court clearly considered Petitioner's claim of ineffective assistance of counsel under the standards of *Strickland* and *Hill*.

Petitioner's habeas petition alleged that his blind plea of guilty was not knowingly and voluntarily entered because of the ineffective assistance of counsel. As set forth in this Court's Opinion and Order, the OCCA denied Petitioner's petition for a writ of certiorari as follows:

> Petitioner and plea counsel testified at the evidentiary hearing concerning counsel's advice before the plea. The trial court concluded that Petitioner was properly advised that the range of punishment was 20 years to life imprisonment. There is no credible evidence that Petitioner pleaded guilty because of counsel's prediction or promise that he would be paroled, or that he would eventually "discharge" his life sentence. The trial court's determination that the plea was knowing and voluntary is supported by the evidence, and denial of Petitioner's motion to withdraw the plea on this ground was not an abuse of discretion. [This claim] is denied.

(Dkt. 50 at 7) (quoting *Clayton v. State*, No. C-2014-720, slip op. at 5 (Okla. Crim. App. July 8, 2015) (Dkt. 16-7 at 5).

6

The record shows that Petitioner's plea counsel testified that he would not have advised Petitioner that he would be released by Christmas, but he probably gave an estimate about a promised date. Hoch further testified that Petitioner, when entering his plea, stated he was not promised anything to enter the plea. (Dkt. 16-11 at 8-10, 13).

Further, as argued by Respondent in his response in opposition to the habeas petition:

> . . . Petitioner entered his plea in this case blindly and stated under oath that he was not forced, abused, mistreated, or promised anything by anyone to enter his plea (Pet. Ex. p. 193, question 25). "[A] defendant's statement on the record, 'as well as any finding made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding.'" *Romero* [*v. Tansy*, 46 F.3d 1024, 1033 10th Cir. 1995)] (quoting *Blackledge* [*v. Allison*, 431 U.S. 63, 74 (1977)]). A blind plea of guilty under Oklahoma law has been defined as a plea in which there is no binding agreement on sentencing and punishment is left to the judge's discretion. *Medlock v. State*, 887 P.2d 1333, 1337, n.2 (Okla. Crim. App. 1994). Petitioner answered on his plea form that he knew there was no plea agreement (Pet. Ex. p. 194, question 19) and he understood the court was not bound by any agreement or recommendation (Pet. Ex. p. 194, questions 20 and 21).

(Dkt. 16 at 18).

After careful review, this Court finds that while Hoch's testimony was inconsistent with Petitioner's affidavits, the affidavits also are inconsistent with Petitioner's sworn statements in his plea form. The OCCA's decision was supported by credible evidence that Petitioner's decision to enter his blind plea of guilty was not due to erroneous legal advice. Petitioner, therefore, has failed to overcome the "formidable barrier" in these proceedings.

In addition, Petitioner has failed to show a reasonable probability that, but for counsel's alleged errors, he would have insisted on going to trial. A petitioner's mere

allegation that he would have gone to trial is insufficient. *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001).

Petitioner also argues that *Lee v. United States*, __ U.S. __, 137 S.Ct. 1958 (2017), requires habeas relief. In *Lee*, during the plea process Mr. Lee, a noncitizen, repeatedly asked his attorney whether there was any risk of deportation from a guilty plea, and his counsel assured Lee that he would not be deported if he entered the plea. *Id*. at 1962. Counsel's advice was incorrect, and Lee was subject to mandatory deportation after the plea. *Id*.

The Supreme Court found that the "particularly severe penalty" of deportation may be of greater concern than "any potential jail sentence." *Id*. at 1968. The Supreme Court further found that "[i]n the unusual circumstances of this case, we conclude that Lee has adequately demonstrated a reasonable probability that he would have rejected the plea had he known that it would lead to mandatory deportation." *Id*. at 1967. The Court also found that "Lee's claim that he would not have accepted a plea had he known it would lead to deportation is backed by substantial and uncontroverted evidence." *Id*. at 1969. The Supreme Court thus found prejudice because of counsel's incorrect advice.

In Petitioner's case, this Court finds Petitioner's circumstances were not "unusual," and evidence of incorrect advice is not "substantial and uncontroverted." Although Petitioner has presented evidence of his attorney's alleged promise that Petitioner would be home by Christmas, counsel denied making the statement. Therefore, habeas relief is not

warranted.

After careful review, the Court again finds that the OCCA's decision was not contrary to, or an unreasonable application of clearly established Supreme Court law, *see* 28 U.S.C. § 2254(d)(1), and Petitioner has not shown he is entitled to relief under Fed. R. Civ. P. 59(e).

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Petitioner's motion for specific findings of fact based on the state court record pursuant to Fed. R. Civ. P. 52(b) and to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) (Dkt. 52) is DENIED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 25th day of January 2021.

Ronald A. White
United States District Judge
Eastern District of Oklahoma